## MUIRHEAD v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant*.

#### DIVISION ONE.

1. **Railroads:** EMPLOYES: NEGLIGENCE. The case of *Tabler v. Railroad,* 93 Mo. 79, followed and affirmed.

2. ———: ———: ———. It is the duty of a railroad company to furnish reasonably safe appliances, cars and couplings for use by its employes.

3. ———: ———: ———. The use of a heavy switch rope for coupling cars was not, as a matter of law, negligence in this case.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

THIS is an action by a plaintiff, who at the time was in defendant's employ, to recover for personal injuries sustained by alleged negligence of defendant, whereby a bridge on defendant's railway line is said to have fallen.

The case has been certified to the supreme court on a division of opinion among the judges of the Kansas City court of appeals. Same case, 31 Mo. App. 578.

Defendant appealed from a verdict and judgment in the trial court for $500.

*Strong & Mosman* and *Vinton Pike* for appellant.

(1) The demurrer to the evidence should have been given. From the facts in proof, the jury could not infer that the disaster was occasioned by the use of a switch-rope coupling. *Powell v. Railroad,* 76 Mo. 80 ;

*Randall v. Railroad*, 109 U. S. 478 ;. *Stepp v. Railroad*, 85 Mo. 233. ( 2 ) The allegation is not that the negligence consisted in the use of a rope coupling, but in coupling with a rope having an iron hook on the end, liable to drag and grapple the ties, etc. The court instructed that in this respect there was no evidence of negligence. ( 3 ) The charge in the petition is not that it was negligent to couple with a rope, but that it was negligent to couple with a rope having an iron hook on the end liable to drag, etc. *Current Case*, 86 Mo. 66 ; *Waldhier Case*, 71 Mo. 516 ; *Balderson v. Railroad*, 49 Mich. 184 ; *Edens v. Railroad*, 72 Mo. 212. ( 4 ) Plaintiff's second and third instructions are not warranted by the pleadings and evidence. They conflict with instructions given on motion of defendant. *Price Case*, 72 Mo. 414 ; *Waldhier Case*, 71 Mo. 516 ; *Current Case*, 86 Mo. 66.

BARCLAY, J.—The case involves a consideration of the identical facts, and, in the main, an application of the same general principles as those announced in the recent decision in *Tabler v. Railroad* ( 1887 ), 93 Mo. 79.

Plaintiff's injuries were sustained in the same accident described in that opinion.

The second instruction given at the trial of this action is substantially, and almost literally, the same as the one criticised and declared erroneous in that case.

Nothing has been suggested on this hearing to avoid the effect of the error then pointed out. The defendant was bound to furnish reasonably safe and suitable appliances, cars and couplings for use in the train upon which plaintiff was directed to ride ; but the fact that a heavy switch rope for coupling between cars was used, on the occasion in question, instead of the usual drawhead, was not, as a matter of law, a failure on defendant's part to exercise ordinary care in the circumstances.

But it is unnecessary to repeat the views expressed in the cases cited. The reference to the former opinion ( which we regard as decisive of this appeal ) will suffice.

The points of criticism upon other instructions can be avoided at the next trial.

The judgment is reversed and the cause remanded, all the judges of the division concurring.