THE STATE EX REL. PEVELY DAIRY COMPANY v. CHARLES H. DAUES ET AL., Judges of St. Louis Court of Appeals.

Division One, December 31, 1926.

1. **NEGLIGENCE: Safe Appliances: Vicious Mule.** The non-delegable duty of the master to use ordinary care to furnish his servants with reasonably safe instrumentalities and appliances embraces animate as well as inaminate things. It embraces a vicious mule placed in a stable where the owner's hostler is required to work. An employer who through whim or fancy keeps on his premises a mule of vicious kicking propensities is bound at his peril to protect his employee who in the discharge of his duties is brought within the range of the mule's heels.

2. ————: **Vicious Mule: Instruction: Comparative Standards of Safety.** Where the negligence charged was the stabling of a mule known to be vicious in a place where the employee in the performance of the duties for which he was employed was exposed to injury by the mule, and the evidence is that when the mule was in an open stall the employee at work in the aisle was exposed to danger arising from the mule's vicious propensities to kick, but when the mule was in a box stall he was not exposed to danger, an instruction which submitted the question whether the employee was negligent in permitting the mule to be in an open stall and in failing to keep the mule in the box stall was not erroneous, for the matter

. of an open stall or a box stall was simply incidental and collateral to the main issue, and a decision of the Court of Appeals in effect so ruling did not contravene the decision of this court in Tabler v. Railway Co., 93 Mo. 79, or any later decision.

Corpus Juris-Cyc. References: **Certiorari,** 11 C. J., Section 37, p. 106, n. 71. **Courts,** 15 C. J., Section 511, p. 1079, n. 42. **Master and Servant,** 39 C. J., Section 464, p. 344, n. 34 New; Section 1414, p. 1232, n. 73; p. 1236, n. 89.

## *Certiorari.*

WRIT QUASHED.

*W. E. Moser* and *John S. Marsalek* for relator.

(1) Plaintiff's instruction was erroneous in adopting as a test of ordinary care the question whether defendant was negligent in permitting the mule to be in an open stall instead of in a box stall. The use of a comparison of different methods or means as the measure of ordinary care in an instruction has been held by this court to be reversible error, and respondents' holding to the contrary conflicts with: Sommer v. Portland Cement Co., 295 Mo. 530; Glover v. Meinrath, 133 Mo. 304; Muirhead v. Railway, 103 Mo. 252; Tabler v. Railway Co., 93 Mo. 84. (2) The master is not required to provide the safest, best or most suitable appliances, nor to follow any particular method of conducting his business. His legal duty is to exercise ordinary care to adopt methods and means which are reasonably safe. Chrismer v. Tel. Co., 194 Mo. 208; Shohoney v. Railroad, 223 Mo. 677; McGinnis v. Brick Co., 261 Mo. 297; Beasley v. Transfer Co., 148 Mo. 413. (3) The erroneous direction cannot be disregarded as an unnecessary burden assumed by plaintiff, first, because it conflicts with the rule previously set out on the same subject; second, because the erroneous statement is included in the principal instruction on liability, and is so combined with other findings that the jury could not have decided the issue submitted without taking the improper part of the instruction into consideration. Sommer v. Cement Co., 295 Mo. 519; Tabler v. Ry. Co. 93 Mo. 84; Cottrill v. Krum, 100 Mo. 406; Degonia v. Railroad, 224 Mo. 589; Crone v. United Rys. Co., 236 S. W. 657; McKenzie v. Randolph, 257 S. W. 126.

*Mark D. Eagleton, Everett Hullverson* and *Harry S. Rooks* for respondents.

(1) In Glover v. Meinrath, 133 Mo. 292, and Sommer v. Cement Co., 295 Mo. 519, there was no opinion concurred in by a majority of

this court. In each case there were several assignments of error, and no particular assignment of error was concurred in by a majority of the court as error or grounds for reversal. Therefore, in neither of those cases is there, as to the point here involved, a controlling decision of the Supreme Court upon which a conflict can be predicated. State ex rel. Bank v. Davis, 284 S. W. 467; Viquesney v. Kansas City, 305 Mo. 488; State v. Gochenour, 225 S. W. 691. (2) Tabler v. Railroad, 93 Mo. 79, and Muirhead v. Railroad, 103 Mo. 251, are not in conflict with the present decision, because those cases did not decide the point involved in this case, and merely held erroneous an instruction making the choice of an unsafe method instead of a safe one determine the question of liability and wholly failing to require any finding whatever of negligence. (3) The following controlling decisions of this court held the master liable for negligence in failing to adopt specific means of protecting the servants from exposure to danger, and approved instructions that, in submitting the question of negligence, necessarily involved a comparison of the method not used with the method that was used. The Court of Appeals was compelled to follow and did follow them, and the opinion is not in conflict with any controlling decision of this court. Knott v. Iron Wks., 299 Mo. 613; Kuhn v. Lusk, 281 Mo. 324; Kennedy v. Gas Light Co., 215 Mo. 688; Thompson v. Railroad, 270 Mo. 87; Trebbe v. American Steel Fdys., 185 S. W. 179; Hamilton v. Mining Co., 108 Mo. 364; Huhn v. Railroad, 92 Mo. 440; Hite v. Ry. Co., 225 S. W. 916; Dietzman v. Screw Co., 300 Mo. 196. (4) The Court of Appeals, in holding that the instruction, after requiring proper and sufficient facts to direct a verdict, merely required plaintiff to assume an unnecessary burden when it referred to the facts claimed to constitute an erroneous comparison, followed the latest and controlling decision of this court on that point, to-wit, Wolfe v. Payne, 294 Mo. 170, 186. (See, also, Hunt v. Railroad, 303 Mo. 107, 128.) The only later case en banc cited by relator is Sommer v. Cement Co., 295 Mo. 519, which is not a controlling decision for the reasons stated above. But further, the opinion in the Sommer case does not discuss or decide that precise question at all.

RAGLAND, P. J.—This is an original proceeding in *certiorari* wherein relator seeks to quash a judgment and an opinion of the St. Louis Court of Appeals because of an alleged conflict with decisions of this court. The cause in which the record is brought here for review was an appeal from the Circuit Court of the City of St. Louis, entitled: Oscar Williams, respondent, v. Pevely Dairy Company, a corporation, appellant. The opinion of the Court of Appeals disposing of the appeal follows:

"This is an action for damages for personal injuries sustained by plaintiff while employed by defendant as a hostler in defendant's stable. Plaintiff recovered a verdict and judgment for $7,500, and defendant has appealed. .

"The petition alleges that plaintiff was kicked by a mule owned and used by defendant in the dairy business; that the mule was mean, vicious and unruly, and likely to kick and injure persons, which fact the defendant knew, or by the exercise of ordinary care should have known; that on May 5, 1924, plaintiff, while engaged in his duties as an employee in the stable, was kicked and injured by said mule. Defendant's negligence is alleged as a failure to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work, or with a reasonably safe mule at and near which to work; that the mule had mean propensities and was not reasonably safe; second, a negligent order of defendant which required plaintiff to be around the mule and that defendant negligently 'assured plaintiff that he could work there with reasonable safety to himself, although defendant knew, or should have known, that said mule was dangerous and likely to kick; third, that defendant permitted the mule to occupy an open stall when a closed stall was near by and which could have been used for that purpose; fourth, defendant's failure to warn plaintiff of the disposition of the mule and the dangers incident thereto; fifth, defendant negligently failed to exercise ordinary care to discover the disposition and propensities of the mule and that he was dangerous and not reasonably safe.

"The answer is a general denial.

"The case was submitted to the jury on the allegations that defendant furnished a mule which was unsafe because it was unruly and possessed a disposition to kick, and negligently kept the mule in an open stall instead of a box stall.

"The facts may be briefly stated, taking them from the record as they appear most favorable to the verdict. Plaintiff, a man about thirty-five years of age, while employed by defendant as a hostler in its stables in the city of St. Louis, was seriously injured by the kick of a mule on May 5, 1924. The mule, called 'John,' was brought to the stable of defendant about ten days prior to the day of the accident. The first few days after the mule's arrival at the stable he was kept in a box stall, about fourteen feet square, which was enclosed all around, with a door leading to the aisle. The mule was sick when he was brought to the stable and was placed in the box stall so that he could be taken care of better. It was necessary to administer medicine to the animal, and this was done by others assisted by plaintiff. From the very beginning it was noticed, according to plaintiff, that the mule acted differently from the average mule, in that he would wheel around and kick if one came close to

him.   There is evidence that this viciousness was observed in the mule during the entire time he was in the stall.   Plaintiff said the mule had kicked at him some six or seven times previous to the time he was injured, and that the mule did this notwithstanding the fact that its physical condition seemed to be getting better.   On this occasion plaintiff was passing through the aisle of the stable when the mule backed out of a straight stall and kicked him.   There was evidence to show that the mule was not an average mule, but was ill-tempered and would kick, though there was much evidence on the part of defendant directly to the contrary, and while defendant's witnesses said the mule was a docile animal, one of the defendant's witnesses who said he was an expert on the subject of mules, conceded that a mule which would kick six or seven times in a period of ten days would be considered a vicious mule and would be unsafe. And though, as we have already said, there is much evidence on the part of defendant that the mule was not vicious but was a gentle specimen, only rebellious when forced to take medicine, there is proof of a substantial character on the part of plaintiff to sustain the inference that the mule was vicious and unruly.

"The injury was most serious.   Plaintiff sustained a hemorrhage of the spinal cord; paralysis of both limbs; a fracture of the spine; loss of muscle power in the ligaments of the back, and there is evidence that these injuries are of a permanent character and will disable plaintiff from ever performing any manual labor.   The size of the verdict is not challenged.

"The first point made is that the court should have sustained defendant's demurrer to the evidence at the close of the whole case. It is said that the charge that the defendant negligently furnished a mule with a vicious and unruly disposition and likely to kick was not sustained by the evidence, which merely showed that the mule was sick and was naturally rebellious to the necessary and proper treatment administered.

"We must keep in mind at the outset that on the question of the non-delegable duty to use ordinary care to furnish a servant with reasonably safe instruments and appliances this embraces animate as well as inanimate things.   [McCready v. Stepp, 104 Mo. App. 340, 78 S. W. 671; Stutzke v. Ice & Fuel Co., 156 Mo. App. 1, 136 S. W. 243.]

"Now, to determine the extent and effect of this evidence we must look to the proof most favorable to the plaintiff, and that evidence, with the fair inferences allowable, tends to show that the plaintiff was furnished with a vicious and unruly mule, and that he was injured by being kicked by said mule.   The mule had kicked at plaintiff six or seven times within ten days prior to the accident, and the mule was bad and unruly during the entire ten days that defendant

had kept him in the stable, defendant's expert on mules conceding that a mule that would act in such manner would be deemed unsafe.

"We have the evidence, too, that the mule was put in a box stall for the first three days, and that while in said stall no one was in danger by his kicking proclivities. While in that stall he could not back out in the aisle as he did on the occasion in question. With substantial evidence of the vicious propensities of the mule adduced, and it appearing from the proof that there was a ready means at hand to avoid any accident from kicking by the mule by placing him in the box stall, we think the court properly overruled the demurrer to the evidence. [McCready v. Stepp, 104 Mo. App. 340, 78 S. W. 671; Stutzke v. Ice & Fuel Co., 156 Mo. App. 1, 136 S. W. 243; Lampe v. Brewing Assn., 204 Mo. App. 373, 221 S. W. 447.]

"Defendant complains that plaintiff's Instruction 1 erroneously submitted the question of whether defendant was guilty of negligence in permitting the mule to be in an open stall and not in a box stall. This instruction is as follows:

" 'The court instructs the jury that if you find and believe from the evidence that on the 5th day of May, 1924, the plaintiff was in the employ of the defendant and while employed within the line and scope of his employment he was kicked by the mule mentioned in the evidence and injured thereby, and if you further find and believe from the evidence that the defendant caused and permitted said mule to occupy an open stall and that by reason thereof said mule was permitted to get out into the aisle where he could and did kick the plaintiff, and if you further find and believe from the evidence that on and prior to said occasion said mule was of a wild and unruly disposition and had the propensities of kicking so as to be not reasonably safe and that in thus furnishing and providing said mule, if you do so find, the defendant failed to exercise ordinary care and was guilty of negligence, and if you further find that by reason of said propensities and disposition, if you so find, the defendant knew or by the exercise of ordinary care could have known that said mule was unsafe and dangerous and not reasonably safe, in time thereafter to have caused and permitted said mule to have occupied a box stall, and if you further find that defendant did fail to keep. said mule in said box stall and in so failing, if you do so find, the defendant was guilty of negligence, and if you further find and believe from the evidence that the plaintiff on the occasion in question while in said aisle, was kicked by said mule as a direct result of negligence on the part of said defendant (if you find from the facts that defendant was guilty of negligence in furnishing and providing said mule as aforesaid, and in permitting said mule to be in an open stall and not in a box stall as aforesaid), then your verdict must be in favor of plaintiff and against the defendant.'

"The instruction required the jury to find that defendant was guilty of negligence in furnishing and providing plaintiff with a mule which was dangerous and unsafe on account of his vicious propensities, but it does not stop there; it further requires the jury to find that defendant had at hand the ready means of preventing injuries from these vicious propensities. Now, the mere fact that plaintiff required this additional finding and assumed that extra burden is not prejudicial to defendant. The instruction required the jury to find that defendant was guilty of negligence in not furnishing a box stall for the mule, and the term 'negligence' was properly defined. Plaintiff's instruction did not tell the jury that if defendant furnished a straight stall instead of a box stall, the jury could return a verdict in favor of plaintiff, but the instruction required the jury to find that the box stall was not furnished, and whether in failing to furnish said box stall defendant was guilty of negligence, all in conjunction with a required finding that defendant furnished this unruly and vicious mule.

"We think no error appears upon the giving of the instructions complained of. The size of the verdict is not questioned, and there being no reversible error in the record, the judgment is affirmed."

Relator states its contentions as follows:

"Plaintiff's instruction number one was erroneous, in adopting as a test of ordinary care, the question whether defendant was negligent in permitting the mule to be in an open stall instead of in a box stall. The use of a comparison of different methods or means, as the measure of ordinary care in an instruction, has been held by this court to be reversible error. Respondents' holding to the contrary conflicts with: Sommer v. Cont. Portland Cement Co., 295 Mo. 519; Glover v. Meinrath, 133 Mo. 292; Muirhead v. Railway, 103 Mo. 251; Tabler v. Railway Co., 93 Mo. 79.

"The master is not required to provide the safest, best or most suitable appliances. nor to follow any particular method of conducting his business. His legal duty is to exercise ordinary care to adopt methods and means which are reasonably safe. [Chrismer v. Tel. Co., 194 Mo. 189; Shohoney v. Railroad Co., 223 Mo. 649; McGinnis v. Brick Co., 261 Mo. 287; Beasley v. Transfer Co., 148 Mo. 413.]"

Tabler v. Railway Co., 93 Mo. 79, cited by relator, is illustrative of its position. In that case the plaintiff, a railroad employee was helping operate a train of cars; the drawhead of one of the cars was out and that car was coupled to the one next ahead of it with a switch rope. This coupling gave way, resulting in the wrecking of the train and the injury of plaintiff. The evidence on the part of plaintiff tended to show that a chain would have made a better and safer coupling than a rope. The case was submitted to a jury on

an instruction that made defendant's liability flow from the fact that the use of a rope is more dangerous than a chain. It was held:

"It is not the duty of the defendant to furnish absolutely safe appliances. It is sufficient that the master furnish appliances that are reasonably safe, and are fit for the designed use. . . . Here it appears to be conceded by the plaintiff that a chain would have been a suitable and proper coupling. A chain is then taken as a standard, and the liability of defendant is made to depend upon the fact that the use of a rope rendered the coupling more unsafe than the use of a chain. It is plain that such a method of arriving at the question of defendant's liability is in conflict with the rule of the defendant's duty before stated. The question to be determined is, not whether the one appliance is safer than the other, but whether the rope was a reasonably safe coupling. Negligence does not necessarily arise from the proof of the superior merits of the chain. There may have been no negligence in the use of either, though one may have been better than the other."

If in the case under review the evidence had disclosed that a mule of vicious kicking propensities was a necessary instrumentality in the conduct of defendant's business and the question of negligence involved was merely whether the defendant had exercised ordinary care to protect its employees whose duties required them to work around and about the mule from the danger of being kicked by it, the principle announced in the Tabler case would be applicable. But the mere having or keeping of a vicious mule in a place where employees in the discharge of their ordinary duties are endangered by it is of itself a breach of the employer's duty to furnish a reasonably safe place in which to work. [Lampe v. Brewing Assn., 204 Mo. App. 373; Stutzke v. Ice & Fuel Co., 156 Mo. App. 1.] An employer who through whim or fancy insists upon keeping on his premises a mule of vicious kicking propensities ought to be bound at his peril to protect his employees who in the discharge of their duties are brought within range of its heels.

The gist of the negligence charged in the case under consideration, and which plaintiff's evidence tended to establish, was the stabling of a mule known to be vicious in a place where plaintiff in the performance of the duties for which he was employed was exposed to injury by it. When the mule was in an open stall plaintiff was exposed to the danger arising from its vicious propensity; when it was in a box stall he was not. The matter of an open stall or box stall was therefore incidental or collateral, serving an evidential purpose in the case and nothing more; and the criticized instruction gave it no other or different effect. The Court of Appeals, in effect, so ruled. We find no conflict.

It follows that our writ should be quashed. It is so ordered. All concur, except *Graves, J.,* absent.